PER CURIAM.
Appellant who was petitioner in the court below appeals an order entered in the county judges’ court, in and for Dade County, Florida, by which the county judge denied a motion to dismiss the guardianship, denied the petition to set aside appointment of guardians for the person and property of Olive W. Sheafer, incompetent, and overruled the objection of petitioner to the sale of real estate belonging to the incompetent.
We have considered assignments of error going to the denial of the motion and of the petition, and find that error has not been demonstrated.
It affirmatively appears that the order authorizing the sale of real property is in contravention of the express terms of section 745.11, Fla.Stat., F.S.A.,[1] in the following particulars: The sale price was $18,500. The purchase-money mortgage was to be in the amount of $15,000, payable in monthly payments for a period of 20 years. Thus the credit extended was in excess of 75 per cent of the purchase price and for a period exceeding 5 years.
Although the county judge authorized the sale of the property at terms in violation of the statute, we are convinced he did so to obtain an offer which would be most beneficial to the estate of the incompetent. Nevertheless, the county judge is circumscribed by the language of the statute. If the limits set in the statute are so narrow that they do not give a county judge sufficient scope to exercise his discretion, it is for the Legislature to liberalize the con *895 fining provisions of the statute. Therefore, the portion of the order appealed which authorized sale of the real property is reversed and the cause remanded for the entry of an order not inconsistent with this opinion.
Affirmed in part, reversed in part and remanded.
PEARSON, Acting Chief Judge, CARROLL, CHAS., J., and SAULS, RICHARD M., Associate Judge, concur.

. “745.11 Sale upon terms.
“The guardian must sell upon such terms as the order prescribes. If credit is given, it shall not be for more than seventy-five per cent of the purchase price nor for longer than five years. The maturity of the credit may extend beyond the duration of the incompetency of the ward. The deferred purchase price shall be evidenced by the negotiable promissory note of the purchaser payable to the guardian and secured by mortgage or pledge, which shall be a first lien upon tbe property sold, or by such other security as may be approved by the county judge in any case. If the guardianship terminates before the payment in full of such note, the note and mortgage or other security may be assigned and transferred without recourse to the person entitled thereto. The taking of a mortgage securing a note or the taking of other security shall not defer the final settlement and discharge of the guardian.”